FILED
United States Court of Appeals
Tenth Circuit

June 6, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES T. DAVIS,

      Plaintiff-Appellant,

v.

NEBRASKA FURNITURE MART,
INC.; EVANS & MULLINIX, P.A.;
JO ANN BUTAUD,

      Defendants-Appellees.

No. 13-3214
(D.C. No. 2:11-CV-02559-JAR-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

James T. Davis filed suit against Nebraska Furniture Mart, Inc. (Furniture

Mart), its law firm Evans & Mullinix, P.A. (the Firm), and one of its lawyers, Jo Ann

Butaud, alleging various claims arising from their efforts to collect a debt.

Specifically, he pled claims against:  (1) all three defendants for abuse of process

under Kansas law; (2) Furniture Mart for violation of the Kansas Consumer

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Protection Act (KCPA); and (3) the Firm and Ms. Butaud for violation of the Fair Debt Collection Practices Act (FDCPA).

The district court granted Furniture Mart's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and later granted the motion for summary judgment by the Firm and Ms. Butaud. Mr. Davis appeals both orders. Exercising jurisdiction under 28 U.S.C. § 1921, we affirm.

### *Background*

In 2007, Furniture Mart extended a line of credit to Mr. Davis, who used it to buy furniture and other goods. When Mr. Davis failed to make the required payments, Furniture Mart hired the Firm and Ms. Butaud to collect the balance owed.

Ms. Butaud sent a dunning letter to Mr. Davis in March 2009, in which she told him that a suit to collect the debt was imminent. A few days later, suit was filed against Mr. Davis in state district court. In May, the court entered a consent judgment against Mr. Davis for $1,987 plus costs, interest and fees.

When Mr. Davis failed to satisfy the judgment, the district court granted Ms. Butaud's request for a hearing in aid of execution and in October 2009, Mr. Davis appeared and testified that he was unemployed and had little hope of paying the judgment anytime soon. In January 2010, Ms. Butaud obtained an order to garnish Mr. Davis's account at a local bank. The bank responded that it had no such funds and the garnishment was released.

In February 2010, Ms. Butaud obtained an order of garnishment directed to Citibank. At that time, Mr. Davis was receiving unemployment benefits on a Citibank Visa debit card. At a hearing in March, Mr. Davis argued successfully that the benefits were exempt from execution and obtained an order releasing the Citibank garnishment. A short time later, Ms. Butaud obtained another hearing in aid of execution, and at a May 2010 hearing, Mr. Davis again appeared and testified that he was unemployed and had no money to satisfy the judgment.

Several days later, Ms. Butaud filed another request for a hearing in aid of execution. The district court granted the request and set a hearing for July 2010. When Mr. Davis failed to appear for that hearing, the court issued a contempt citation and set a hearing for October. Mr. Davis failed to appear for the contempt hearing and the court issued a bench warrant and set a $250 cash bond.

The next day, Ms. Butaud wrote a dunning letter to Mr. Davis in which she urged him to contact her to set up a payment plan. Mr. Davis responded to her letter and agreed to a plan. When Mr. Davis failed to make the agreed payments, the district court granted Ms. Butaud's renewed motion for a bench warrant. Eventually, Mr. Davis was arrested and taken to jail. He was released upon payment of the $250 appearance bond, which the court ordered forfeited to Furniture Mart. At a final hearing in aid of execution, Mr. Davis testified again that he had no money to pay the judgment. Mr. Davis then filed this suit, alleging that the bench warrant was obtained as leverage to collect a debt rather than to vindicate the authority of the

court.  He argued that it constituted an abuse of process and otherwise violated federal debt collection and state consumer protection laws.

### *Abuse of Process*

Mr. Davis argues on appeal that the district court erred in granting Furniture Mart's motion to dismiss and the Firm's and Ms. Butaud's motion for summary judgment for abuse of process.  We disagree.

"We review the district court's dismissal of [the claims] under Rule 12(b)(6) de novo. . . .  We also review the district court's grant of summary judgment . . . de novo, applying the same standard as the district court."  *J.W. v. Utah*, 647 F.3d 1006, 1009 (10th Cir. 2011).  Our "task is not to reach [our] own judgment regarding the substance of the common law, but simply to ascertain and apply the state law." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) (internal quotation marks omitted).

As the district court recognized, under Kansas law, "a claim for abuse of process will not lie based on post-judgment collection procedures the plaintiff contends were harassing or abusive, but which conform to statutory procedures." Aplt. App. at 1576 (citing *Porter v. Stormont-Vail Hosp.*, 621 P.2d 411, 416-17 (Kan. 1980)).  We agree that the court properly applied *Porter* to bar Mr. Davis's claims for abuse of process.

### KCPA

In granting Furniture Mart's motion to dismiss, the district court found that the "blanket allegation [in the complaint] is neither sufficient on its face to show a plausible claim for relief nor adequate to provide fair notice to [Furniture Mart] of the basis of [Mr. Davis's] claim under the KCPA." *Id.* at 116. Setting aside the fact that Mr. Davis did not identify any particular action that constituted a violation of the KCPA or any specific statutory provision that he claimed was violated, we are not convinced that the KCPA applies. Mr. Davis admitted that he owed the debt when he entered into the consent judgment. Also, he did not complain about the underlying consumer transaction. Indeed, none of the policies that the Act was designed to promote appear to be implicated by the conduct of a judgment creditor in collecting a judgment. *See* Kan. Stat. Ann. § 50-623 (West 2014). In any event, Mr. Davis's failure to cite any authority that has applied the KCPA to a judgment creditor's collection efforts defeats the claim.

### FDCPA

Mr. Davis maintains that the district court erred in granting summary judgment to the Firm and Ms. Butaud on his claim for violation of the FDCPA. In particular, he argues that the Firm and Ms. Butaud violated 15 U.S.C. §§ 1692d and 1692f, by "us[ing] the bench warrant issued by the [court] as leverage . . . to collect a debt and as a means to oppress and harass [him] . . . [and] fil[ing] the bench warrant for the

purpose of instigating the unlawful forfeiture of [his] cash bond." Aplt. Opening Br. at 53. Again, we disagree.

Although §§ 1692d and 1692f provide non-exclusive examples of prohibited conduct in connection with the collection of a debt, Mr. Davis has failed to cite any authority that lawful actions to collect a judgment are within the reach of the FDCPA.

The judgment of the district court is affirmed.

Entered for the Court


Stephen H. Anderson
Circuit Judge